■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRAZIER GIBSON and LENARD L. LUCAS, Appellants.— Appeals by defendants from two judgments of the Supreme Court, Kings County, both rendered November 18, 1966 (each as to a respective defendant), convicting them of murder in the first degree, upon a jury verdict, and imposing sentence. Judgments affirmed. In our opinion, appellants' guilt of felony murder was proved beyond a reasonable doubt. A careful analysis of the circumstantial evidence upon which this charge was based indicates that the only reasonable hypothesis flowing naturally from, and consistent with, all the facts is the one accepted by the jury, namely, that appellants were acting in concert and that one of them shot the deceased during the course of an attempted robbery (see *People* v. *Wachowicz,* 22 N Y 2d 369). Under the circumstances herein disclosed, including the proof as to appellants' prior relationship, the alleged " coincidence " of time, place and behavior (appellants having been identified as being alone in the deceased's drug store, with one of them behind the counter, seconds prior to the discovery of the mortally wounded druggist on the floor behind the counter) is elevated to a morally compelling inference of guilt (cf. *People* v. *Cleague,* 22 N Y 2d 363). We have examined appellants' other specifications of error and find them to be without merit. Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN W. THOMAS, Appellant.— Order of the County Court, Nassau County, dated February 4, 1969, affirmed, without prejudice to the institution of a *coram nobis* proceeding in which defendant may raise the allegation, which is urged for the first time on this appeal, that he was deprived of his right to appeal from the judgment of conviction. No opinion. (For a prior related appeal see *People* v. *Thomas,* 29 A D 2d 877.) Beldock, P. J., Christ, Martuscello, Brennan and Benjamin, JJ., concur.